**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**LYNN CROSBY GAMMILL and
STEWART GAMMILL, III, CO-CONSERVATORS
OF THE ESTATE, PROPERTY AND PERSON OF
LUCIUS OLEN CROSBY GAMMILL,**                                  **PLAINTIFFS**

**VS.**                                              **CIVIL ACTION NO. 2:10-cv-21**

**TRAVELERS INDEMNITY COMPANY OF CONNECTICUT;
SOUTHGROUP INSURANCE AND FINANCIAL
SERVICES, LLC; and JOHN DOES 1 THROUGH 10**             **DEFENDANTS**

**TRAVELERS' COMBINED MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM BRIEF IN SUPPORT**

     **COMES NOW** Defendant, Travelers Indemnity Company of Connecticut (hereinafter "Travelers"), pursuant to Rule 12(b) and Rule 56 of the F.R.C.P. and moves this honorable Court to dismiss the allegations filed against Defendant SouthGroup Insurance and Financial Services, LLC by the Plaintiffs and for cause would show unto the Court as follows, to wit:

## I. INTRODUCTION

     This case arises as a result of an accident involving Plaintiffs' Ward, Lucius Olen Crosby Gammill, on January 24, 2007. It is undisputed that Plaintiffs' Ward was a pedestrian when he was struck by an oncoming vehicle. It is similarly undisputed that at the time of the accident a policy of insurance was in place having been issued by Defendant Travelers Indemnity Company of Connecticut to non-party Interpine, LLC and to Co-Plaintiff Stewart Gammill, III. Plaintiffs have pleaded in their Complaint that said policy, bearing policy number BA-3990W467-06-SEL, and attached hereto as Exhibit

"B", provides or should provide coverage pursuant to the uninsured/underinsured motorist endorsement for the injuries sustained by their Ward, Lucius Olen Crosby Gammill to the extent of the policy limit less any offset for liability settlement. *See Complaint, par. XIII, attached hereto as Exhibit "A", see Policy attached hereto as Exhibit "B"*. Of note, Plaintiffs do not allege that Travelers has breached the contract of insurance or committed any other wrongdoing related to the policy or the adjustment of any claim. Further of note, Plaintiffs do not allege any direct wrongdoing by Defendant SouthGroup, rather all allegations against Defendant SouthGroup are merely alleged in the abstract *in the event* that the Travelers policy does not provide coverage. For the reasons set forth herein, such allegations are not sufficient to state a claim for relief which may be granted as to Defendant SouthGroup[1], and dismissal of SouthGroup is appropriate under Mississippi law.

## II. STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light most favorable to the plaintiff. *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007). However, the Court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Further, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face. Factual allegations must be

---

[1] SouthGroup Insurance and Financial Services, LLC is an independent insurance broker, and by filing this Motion to Dismiss, Travelers does not assert that SouthGroup was acting on behalf of Travelers in any respect concerning SouthGroup's dealings with Plaintiffs, their Ward, or non-party Interpine, LLC, in any way. Furthermore, to the extent further proceedings herein show that SouthGroup acted in a manner inconsistent with obligations to Travelers, if any, Travelers reserves the right to assert all relevant and available defenses to any liability for such conduct and any and all affirmative claims, if any.

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Vanderbrook*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).  The Court may consider documents referred to in the complaint or central to its claims and is not required to accept as true allegations that are contradicted by such documents.  *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998); *see also Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 925 (S.D. Tex. 2004), *aff'd*, 129 Fed. App'x. 874 (5th Cir. 2005). In so doing, the Court converts the Motion to Dismiss under Rule 12(b)(6) to one under 12(d) which is treated as a Motion for Summary Judgment pursuant to Rule 56(c).

Summary judgment is appropriate when ".... there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)(2).*  The party seeking summary judgment has the burden of demonstrating that here is no actual dispute through the use of evidentiary materials. *Celotex Corp., v. Catrett,* 477 U.S. 317, 323 (1986).  The threshold inquiry is for "determining whether there is a need for trial[on the issues addressed in the motion]- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  In making this determination the court should view the evidence, and all factual inferences to be drawn from it, in the light most favorable to the non-moving party. *Id.*  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment.... against a party who fails to [or cannot under the undisputed facts] make a showing sufficient to establish the existence of [any

one]element essential to that party's case, and on which that party will bear the burden of proof at trial. " *Celotex,* at 322. A party against whom a summary judgment motion is made may not rest upon her pleadings.  Rather, they must, by affidavit or other materials as provided by Rule 56, inform the court of specific facts showing that there is a genuine issue for trial on all essential elements of their claim. *Id.,* at 324.

Here, Defendant Travelers asserts that there are no viable claims against Defendant SouthGroup and as such dismissal is proper pursuant to Rule 12(b)(6), or alternatively, that judgment as a matter of law pursuant to Rule 56(c)(2) is appropriate.

## III. ARGUMENT AND AUTHORITY

### A.  PLAINTIFFS' COMPLAINT IS DEVOID OF SPECIFIC CLAIMS FOR RELIEF AGAINST DEFENDANT SOUTHGROUP

Plaintiffs' Complaint fails to state any cause of action against any Defendant SouthGroup. Specifically, Plaintiffs have failed to sufficiently establish, as a factual matter, that SouthGroup (1) owed any duty to Plaintiffs, (2) breached any duty to Plaintiffs, and (3) as a result of said breach that Plaintiffs suffered any harm. *See Complaint, attached as Exhibit "A"*. Specifically, Plaintiffs Complaint alleges, with respect to SouthGroup:

XII.

Defendant SouthGroup is and for a number of years has been the insurance agent for Plaintiffs and their family and business.

XIII.

It was the professional duty of SouthGroup to have the herein described uninsured/underinsured coverage in place for Plaintiff Lucius Olen Crosby Gammill.

XIV.

Plaintiff Lucius Olen Crosby Gammill was and/or should have been insured under the subject policy with uninsured/underinsured coverage as described herein.

XV.

If Plaintiff Lucius Olen Cosby Gammill is not provided uninsured/underinsured

insurance for the accident described in this Complaint, then Defendant SouthGroup has breached its duties to Plaintiffs and, through said breach of duty and negligent conduct, the Defendant SouthGroup would be liable to Plaintiffs in the amount determined to have been due from insurance coverage that was negligently omitted.

     ***

     WHEREFORE, PREMIESS CONSIDERED Plaintiffs demand judgment in the amount of nine hundred fifty thousand dollars ($950,000.00) plus interest thereon and all costs of Court from Defendant Travelers, or alternatively as defined herein, against Defendant SouthGroup.

*See Complaint, attached hereto as Exhibit "A".*

As is evident by the allegations made by Plaintiffs, there is no specific claim against Defendant SouthGroup pleaded. Moreover, by virtue of Plaintiffs own pleading, all damages that the Plaintiffs allege they are entitled flow from the insurance contract in place at the time of the accident, and at best, from Plaintiffs' perspective, from acts of Defendant SouthGroup in failing to procure the insurance requested by Plaintiffs, although such a reading of the Complaint is a stretch. Plaintiffs, nowhere in their Complaint, allege that SouthGroup failed to procure the insurance requested, and such failure is fatal to Plaintiffs' claims. *See Jenkins v. Farmington Casualty Company* 979 F.Supp. 454 (S.D.Miss 1997). Plaintiffs did not plead a specific claim for failure to procure, fraud, misrepresentation, or concealment and cannot now, through subsequent filings, or any other means, try to change the basis of their allegations in an attempt to defeat removal.

The Fifth Circuit Court of Appeals, has addressed this very issue and has stated unequivocally, "We need refer only to the allegations of appellants' pleadings, since a plaintiff's state court pleading control removability." *Paxton v. Weaver*, 553 F.2d 936, 937 (5th Cir. 1977) *citing American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951); *Crosby v. Paul Hardeman, Inc.,* 414 F.2d 1, 3 (8th Cir. 1969); *see also Scott v. Kroger Co.,* 982 F. Supp. 419, 421 (N.D. Miss. 1997). Further, this Court, in *Rainwater v. Lamar*

*Life Insurance Company*, 207 F.Supp.2d 561, 565 (S.D.Miss. 2002) stated, "[t]his Court must refer to the allegations made in the original pleading to determine whether the Plaintiff can make out a viable claim against the resident Defendant." (*citing Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116;*Gray v. U.S. Fidelity and Guaranty,* 646 F.Supp. 27, 29 (S.D.Miss.1986)). Plaintiffs, therefore, are bound by the allegations as set forth in their state court Complaint and their failure to assert viable claims against SouthGroup must result in dismissal of SouthGroup from this suit.

The statements within the Plaintiffs Complaint do not suffice as factual allegations. Rather, at most, they are properly characterized as conclusory statements, and they certainly fall short of stating a legally cognizable claim, which would impose liability against SouthGroup. *Cavallini v. State Farm Mut. Auto Ins. Co*., 44F.3d 256, 261-63 (5th Cir. 1995) (refusing to apply rule that a complaint will not be dismissed for technical pleading defects, and refusing to "pierce the pleadings: to determine whether a claim has been stated against the non-diverse defendant under a legal theory not alleged in the state court complaint). As a result, Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to Defendant SouthGroup, and should be dismissed.[2] This

---

[2] *See e.g., Rhodes v. State Farm, Memorandum Opinion and Order Denying Plaintiff's Motion to Remand and Dismissing Plaintiff's Claims Against Defendant J.W. Webb,*(Case No. 1:08-cv-00674)( S.D. Miss. March 4, 2009)(holding that Plaintiff's claim against his insurance agent for failure to procure must fail as Plaintiff was charged with knowledge of the contents of his policy and was on notice prior to the loss that the policy did not contain any coverage for contents, and that if the agent's failure to procure the contents coverage at the initial issuance was actionable, the subsequent renewals of the policy rendered it inactionable as there could be no reasonable reliance by the plaintiff on the agent's representations and dismissing the improperly joined agent.); *Remels v. State Farm, Memorandum Opinion,* (Case No. 1:07-cv-00126)(S.D. Miss. March 6, 2008)(finding no allegations to support a fiduciary duty by the agent and finding that plaintiff was charged with knowledge of the contents of the policy issued to them including the flood exclusion such that dismissal of the improperly joined agent was required.); *Chester v. State Farm, Memorandum Opinion,* (Case No. 1:07-cv-00132)(S.D. Miss. March 6, 2008)(finding dismissal of the improperly joined agent appropriate where alleged misrepresentation as to the terms of the policy took place more than three years before the loss and policy issuance and renewal was subsequent to the misrepresentation where plaintiff was charged with knowledge of the contents of the policy and failed to question the same thereafter.); *Zar v. State Farm, Memorandum Opinion,* (Case No. 1:07-cv-00133)(S.D.

is so (1) because Plaintiffs' failed to plead any wrongdoing by Defendant SouthGroup, and (2) the statute of limitations has run on any attempted failure to procure, misrepresentation or fraud claims as will be discussed in more detail, *infra*.

### B.    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR FAILURE TO PROCURE INSURANCE COVERAGE AS TO DEFENDANT SOUTHGROUP

As is established by the allegations contained in the Complaint, and recited above, as to SouthGroup, at best, Plaintiffs attempt to state a claim for failure to procure insurance coverage. A claim for an agent's failure to procure insurance sounds in negligence. *See Haggans v. State Farm Fire and Cas. Co.,* 803 So.2d 1249, 1252 (Miss. Ct. App. 2002).   The same would be true for a claim against a broker for failure to procure. To succeed on such a claim a plaintiff must prove duty, breach of that duty, causation and damages by a preponderance of the evidence. *Id.*   "Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure coverages requested." *Perez v. Allstate Ins. Co.,* 1:06cv402, 2007 WL 955725, *2 (S.D. Miss. March 28, 2007)(*citing Lovett v. Bradford,* 676 So.2d 893 (Miss. 1996); *First United Bank of Poplarville v. Reid,* 612 So.2d 1131 (Miss. 1992); *McKinnon v. Batte,* 485 So.2d 295 (Miss. 1986)).

It is well settled that mere allegations that a legal claim exists against a non-diverse defendant will not bar removal nor justify a remand of the action to state court. *Peters v. Metropolitan Live Ins. Co.,* 164 F. Supp.2d 830, 834 (S.D. Miss. 2001)

---

Miss. March 5, 2008)(same);   *Berry v. Hardwick,* 152 Fed. Appx. 371 (5th Cir. (Miss) Oct. 18, 2005)(holding that the two adjusters were improperly joined and based upon *Gallagher Basset Serv., Inc., v. Jeffcoat,* 887 So. 2d 777 (Miss. 2004), no claim could be stated against the adjusters requiring their dismissal.)

(allegations made against a non-diverse defendant "must be factual, not conclusory, because conclusory allegations do not state a claim.")  Moreover, under Mississippi law an agent for a disclosed principal can incur no contractual liability absent some act by the individual agent that rises to the level of gross negligence, malice, or reckless disregard for the rights of another.  *Jabour v. Life Ins. Co. of North America,* 362 F.Supp.2d 736, 741 (S.D. Miss. 2005); *Jenkins v. Farmington Cas. Co.,* 979 F.Supp. 454, 457 (S.D. Miss. 1997).  Further, the mere hypothetical possibility of recovery against a non-diverse defendant in state court is not sufficient.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

Here, the Plaintiffs' Complaint against SouthGroup clearly makes conclusory allegations and does not contain facts sufficient to state a claim for relief against SouthGroup. For instance, Plaintiffs do not allege that any specific insurance was requested to provide uninsured/underinsured motorist or any other type of specific coverage for Lucius Olen Crosby Gammill. Plaintiffs do not allege that any specific type of insurance was requested and not procured by Defendant SouthGroup. Rather, Plaintiffs argue that should the Travelers policy, which was issued to a non-party Interpine, LLC and to Co-Plaintiff Stewart Gammill, III, not provide coverage for Lucius Olen Crosby Gammill in the amount of One Million Dollars ($1,000,000.00) for uninsured/underinsured motorist coverage, then SouthGroup should be liable. There are no specific factual allegations to support such a conclusory statement.

Further, the conclusory statements fall far short of stating any legally cognizable claim against SouthGroup under any legal theory recognized by Mississippi law.[3]

---

[3] *See Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. Miss. 2003);  *Howard v. Citifinancial, Inc.,* 195 F.Supp.2d 811, 2818 (S.D. Miss. 2002);  *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 390 (5th Cir.

Plaintiffs desire to remain in state court on allegations that *if* Travelers policy does not provide coverage, that SouthGroup was negligent and should be liable to them, simply do not pass muster. However, even if taken as true, such a claim does not justify any claim against SouthGroup. *See Crowe v. Commercial Union Ins. Co., et al.*, 1999 WL 33537112 (N.D. Miss. Sept. 16, 1999) (No. 1:98CV335-B-A)(agent fraudulently joined where complaint alleged conduct collectively on part of carrier and agent and where claims were ultimately based on refusal to pay claim). Ultimately this Court cannot "guess" as to any claim which might be asserted against SouthGroup, but must be instead adhere to the **exact claims** asserted by the Plaintiffs, and in so doing there can be no grounds for concluding that the Plaintiffs' Complaint gives rise to any arguably reasonable basis for predicting that Mississippi law might impose liability on SouthGroup as Plaintiffs have not alleged a duty, breach of that duty, causation or damages as to any action undertaken or any omission by or on behalf of SouthGroup in providing insurance to Plaintiffs and/or Plaintiffs' Ward. In fact, there is very little pleaded with regard to what duty Plaintiffs claim was owed to them or to their Ward. Rather, as is outlined above, Plaintiffs'' simply make conclusory statements as to the nature of their relationship with SouthGroup and the ***possibility*** of some omission or negligent act by SouthGroup, depending upon whether the Travelers policy provides coverage. Under such a state of the pleadings there can simply be no possibility for any recovery to be predicted as against Defendant SouthGroup, and they should be dismissed from this action. *See Jabour, supra; Haggans, supra; Rhodes, supra; Zar, supra; Remels, supra; Chester, supra; Berry, supra; Cavallini , supra.*

---

2000)(conclusory allegations of wrongdoing are not sufficient to state a claim against a non-diverse defendant.)

**C.    ANY CLAIM FOR FAILURE TO PROCURE INSURANCE COVERAGE MUST FAIL AS A POLICY WAS ISSUED BY TRAVELERS AND ACCEPTED BY THE INSUREDS, INTERPINE, LLC AND STEWART GAMMILL, III PRIOR TO THE ACCIDENT FROM WHICH PLAINTIFFS' COMPLAINT ARISES**

Plaintiffs generally allege SouthGroup *may* have failed to procure insurance that would provide uninsured/underinsured motorist coverage for Lucius Olen Crosby Gammill in the amount of One Million Dollars ($1,000,000.00), but assert that SouthGroup procured a policy which should provide such coverage on their behalf. Without an assertion that SouthGroup failed to obtain the type of policies that Plaintiffs, their Ward, or Interpine, LLC desired, specifically, especially since Interpine, LLC and Plaintiff Stewart Gammill, III, were provided a policy which they accepted, Plaintiffs' allegation that SouthGroup failed to procure a policy for them with reasonable diligence and good faith is without merit.  *Lovett v. Bradford,* 676 so. 2d 893 (Miss. 1996) (citing *Taylor Machine Works, Inc., v. Great American Surplus Lines Insurance Co.*, 635 So. 2d 1357, 1364 (Miss. 1994)); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131, 1137 (Miss.1992); *see also Ritchie v. Smith,* 311 So. 2d 642, 646-647 (Miss. 1975).  This is specifically true as the named insureds on the policy are Interpine, LLC and Stewart Gammill, III. Plaintiffs have pleaded no facts which would give rise to any duty by SouthGroup to procure insurance for any person or entity other than Interpine, LLC and Stewart Gammill, III. Similarly Plaintiffs have pleaded no facts which would give rise to any duty on behalf of Travelers to provide coverage for any person or entity not listed specifically in the policy, or to issue any policy other than the one issued to Interpine, LLC and Stewart Gammill, III.  As the insurance applied for by Interpine, LLC and Stewart Gammill, III was issued by Travelers and paid for by the named insureds,

Plaintiffs claims against SouthGroup must fail.

### D.    ANY CLAIMS FOR FAILURE TO PROCURE INSURANCE COVERAGE, MISREPRESENTATION, FRAUD OR FRAUDULENT CONCEALMENT/FRAUDULENT INDUCEMENT ARE BARRED BY THE STATUTE OF LIMITATIONS

Furthermore, under Mississippi law, any failure to procure claim is barred after a period of three years. Miss. Code Ann. §15-1-49(1); *Leonard v. Nationwide,* 499 F.3d 419, 438 (5th Cir. 2007). Here, it is undisputed that the policy issued by Travelers, and which is at issue in this suit is a Commercial Policy issued to Interpine, LLC, and Stewart Gammill, III.[4] *See Exhibit "B", policy; Exhibit "C" Affidavit of Darrell R. Godwin.*  The policy was originally issued in 1998 to Interpine, LLC and Stewart Gammill, III. *See Exhibit "C."*  Thus, once the policy was issued and received by Interpine, LLC and Stewart Gammill, III, they were bound by the terms contained within the policy and are charged with knowledge of said terms, even if the policy was never read. *See Hutton, supra; Cherry, supra.* As a result, to the extent that there are any claims which arise from a failure to procure, said claims would have arisen at the instant the policy was written in 1998, and making any claims related to such procurement barred three years thereafter, or in April 2001. It is undisputed that the accident giving rise to Plaintiffs' claims occurred in 2007. Thus, it is clear that any claims related to failure to procure, fraud, misrepresentation and/or concealment would have been barred long prior to the date of filing this suit in December 2009.

There is nothing in the Complaint which alleges any request by Interpine, LLC or

---

[4] It is anticipated that Plaintiffs may attempt to argue that their Ward, Lucius Olen Crosby Gammill held some interest in Interpine, LLC that should afford him additional coverage under the policy; however, according to the Mississippi Secretary of State, Stewart Gammill, III is the only Member of record of Interpine, LLC. Furthermore, even if Lucius Olen Crosby Gammill was a Member, Officer or Director of Interpine, LLC, any coverage issues would be rightfully brought against the policy issuer, Travelers, and not against the broker, SouthGroup. *See discussion, infra.*

Stewart Gammill, III to change coverage. Further, there is no allegation in the Complaint to suggest that the injured party, Lucius Olen Crosby Gammill requested any specific coverages from Defendant SouthGroup or Defendant Travelers. Nor is there any allegation that Lucius Olen Crosby Gammill did not receive any coverage specifically requested. Rather, the only allegations concerning procurement state generally:

XII.
Defendant SouthGroup is and for a number of years has been the insurance agent for Plaintiffs and their family and business.

XIII.
It was the professional duty of SouthGroup to have the herein described uninsured/underinsured coverage in place for Plaintiff Lucius Olen Crosby Gammill.

*See Complaint, par. XII, XIII., attached hereto as part of Exhibit "A".*

Even if the Court were to read into Plaintiffs' Complaint allegations relating to claims for misrepresentation or fraudulent inducement claims as to SouthGroup, such claims would also of necessity fail under Mississippi law as a result of the imposition of the three year statute of limitations. Courts applying Mississippi law have long held that the statute of limitations period for claims of misrepresentations begins to run upon the completion of the sale induced by such false representation or upon the consummation of the fraud or misrepresentation. *Donald v. Pioneer Credit Co.*, 374 F.Supp.2d 495, 497 (S.D. Miss. 2005); *Stephens v. Equitable Life Assurance Society*, 850 So.2d 78, 82-83 (Miss. 2003); *American Bankers' Ins. Co. of Florida v. Wells,* 819 So.2d 1196, 1200-03 (Miss. 2001); *Black v. Carey Canada, Inc.,* 791 F.Supp. 1120, 1123 (S.D. Miss. 1990). More specifically, the three year statute of limitations for fraud begins to accrue upon the purchase of an insurance policy. *Robinson v. Southern Farm Bureau Cas. Co.,* 915 So.2d 516 (Ct. Apps. Miss. 2005); *Stephens, supra.* In *Agnew v. Washington Mut. Finance Group, LLC*, 244 F.Supp.2d 672 (N.D. Miss. 2003), the court held that since the statute

of limitations began to run on the dates on which the various agreements were signed, all of which took place more than three years prior to the filing of the suit, the statute of limitations barred the plaintiffs absent a showing of fraudulent concealment. Here, Interpine, LLC and Stewart Gammill were originally issued the policy in 1998. *See Exhibit "C"*. It is clear that the statute of limitations would bar any such claims well prior to December 18, 2009, the date the Complaint was filed.  Therefore, all of the claims founded on alleged misrepresentations or omissions are governed by Mississippi's general catch-all statute of limitations which imposes a three-year period within which to file suit, creating a bar for such claims well prior to the filing of the Complaint.

With regard to claims concerning fraudulent concealment, the court in *Agnew* further reasoned that since a party to a contract, under Mississippi law, is obligated to read it and cannot be heard to complain of an oral misrepresentation which would have been disclosed by reading the contract, that no fraudulent concealment of the contractual terms existed. *Id.,* 244 F.Supp. 2d at 677 *citing Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.,* 584 So.2d 1254, 1257 (Miss. 1991).  Therefore, the Plaintiffs also could not rely on the doctrine of fraudulent concealment since they were presumed to have read the contract and any reliance the plaintiffs may have placed in the oral statements of the broker that were contradicted by the express language of the agreement was *per se* unreasonable, and such oral statements could not constitute fraudulent concealment. *Id*. Similarly, any reliance that Plaintiffs have placed in any alleged misrepresentations of SouthGroup are unreasonable *per se* and fraudulent concealment will not toll the statute of limitations which expired more than eight years prior to the filing of the state court Complaint. Thus, all of Plaintiffs'

*potential* claims against SouthGroup must fail as a matter of law, even though the Complaint is devoid of specific factual allegations regarding any such claims.

Furthermore, any potential claim that Plaintiff could bring for fraud or misrepresentation as to SouthGroup would have to be considered, at best, an oral misrepresentation. In Mississippi, the oral misrepresentations of an agent/broker which are in direct conflict with the clear terms of the policy cannot form the basis of a fraud claim because the insured has no right to rely on them. *Watson v. First Commonwealth Life Ins. Co.*, 686 F. Supp. 153, 155 (S.D. Miss. 1998). Plaintiffs have failed to establish the elements for claiming fraudulent misrepresentation against SouthGroup. *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777 (Miss. 2004); *Southeastern Medical Supply, Inc. v. Boyles Moak and Brookle Ins. Inc.,* 822 So.2d 323 (Miss 2002); *Burgess v. BankPlus*, 830 So.2d 1223 (Miss. 2002). Mississippi law has made it quite clear that a cause of action for fraud requires an intent to deceive, and that such intent is indispensable to a claim. *Mills v. Damson Oil Corp,* 931 F. 2d 346 (5th Cir. 1991)(citing *Franklin v. Lovitt Equipment Co., Inc.,* 420 So. 2d 1370, 1373 (Miss. 1982). Plaintiffs have not alleged an intent to deceive by SouthGroup. Any allegation that SouthGroup intentionally meant for the Plaintiffs to act upon the alleged misrepresentations regarding the policy in the manner it allegedly reasonably contemplated is indispensable to a claim of fraud, and such proof must satisfy a clear and convincing standard. *Id.* (citing *Franklin v. Lovitt Equipment Co.,* 420 So. 2d 1370 (Miss. 1982). Again, Plaintiffs have *not* specifically alleged fraud, which is required under both the Mississippi and Federal Rules of Civil Procedure 9(b), nor have they alleged an intent to deceive by SouthGroup. *See also Phillips v. Chevron, USA, Inc.,* 792 F. 2d 521 (5th Cir. 1986). Plaintiffs do not

allege any deception, misrepresentation or other act by Defendant SouthGroup. Therefore, under Mississippi law, any potential claim for fraud or misrepresentation must fail.

In the event that the Court finds sufficient facts are pleaded to support a claim for fraud, any reliance by Plaintiffs on SouthGroup's alleged misrepresentation must be shown as reasonable in the face of the actual language of their policy and deductible. *See, e.g., Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *5 (N.D. Miss. Aug. 29, 2002) ("where the terms of a contract are made available to a contracting party, any reliance on alleged misrepresentations of those terms is per se unreasonable.")  As a matter of law, because Plaintiff Stewart Gammill, III is charged with knowledge of the terms and conditions of the written policy issued to him and to Interpine, LLC, Plaintiffs cannot establish that any reliance by them or by their Ward on alleged misrepresentations by SouthGroup, was reasonable. *See Stephens v. Equitable Life Assur. Society of U.S.*, 850 So.2d at 82 (Miss. 2003) (parole evidence inadmissible to vary the terms of a written contract).

## E.    ANY CLAIMS BY PLAINTIFF AGAINST SOUTHGROUP FOR WRONGDOING IN THE ADJUSTMENT/INVESTIGATION OF THE CLAIM AND/OR FOR BREACH OF CONTRACT MUST ALSO FAIL UNDER MISSISSIPPI LAW

Furthermore, to the extent Plaintiffs may assert that their claims against SouthGroup stem from any wrongdoing by Travelers in the investigation or adjustment of the uninsured/underinsured motorist claim, which is not specifically alleged in the Complaint, these claims should also fail. Should this Court read the Complaint to include

such allegations based on the fact that Plaintiffs clearly request the measure of damages against SouthGroup in the form of the contractual damages they allege they are owed under the Travelers policy, such a claim will not thwart removal here. *Jenkins, supra, citing Patton v. Aetna Ins. Co*., 595 F. Supp. 533 (N.D. Miss. 1984)). *See also Miss. Code Ann*. § 83-21-27 (insurance agents "shall not be personally liable to the holder of any policy of insurance so issued or delivered"); *McFarland v. Utica Fire Ins. Co*., 814 F. Supp. 518, 521 (S.D. Miss. 1992) *aff'd* 141 F.3d 55 (5th Cir. 1994) ("In circumstances where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for breach of duty or contract committed by the principal."); *Williams v. Lafayette Ins. Co*., 640 F. Supp. 686, 689 (N.D. Miss. 1986) ("[C]ourts have uniformly held that a breach of the terms of the contract will enable the victim to bring suit against the principal, but not the agent, as the former is the one responsible for performance under the contract.")  Here, there is nothing to suggest that SouthGroup had any responsibility for or took any action in the investigation or adjustment of any claims brought by Plaintiffs or Lucius Olen Crosby Gammill related to the uninsured/underinsured motorist claim from which they now attempt to complain.

Moreover, once the insureds, including Plaintiff Stewart Gammill, III, were issued and accepted the terms of the insurance contract for which they applied and paid for, the terms of the contract are imputed to them and they are bound by the contract. *See Cherry v. Anthony, Gibbs & Sage,* 501 So. 2d 416, 419 (Miss. 1987); *Haggans v. State Farm,* 803 So. 2d 1249, 1252 (Miss. Ct. App. 2002); *Atlas Roofing v. Robinson,* 279 So. 2d 625, 629 (Miss. 1973); *Zepponi v. Home Ins. Co.,* 161 So. 2d 524, 526 (Miss. 1964). The

Plaintiffs were not contracting with SouthGroup to provide specific coverage, they were contracting with Travelers and the terms of that contract were provided by Travelers, not an agent or broker, and certainly not SouthGroup. Once Plaintiffs or their Ward received the policy of insurance issued by Travelers to Interpine, LLC and Stewart Gammill, III, the insureds, including Plaintiff Stewart Gammill, III, are assumed to have read and understood the policy and any failure of them to question their coverages or request additional or different specific coverages may not result in liability under a breach of contract, misrepresentation or failure to procure claim. *See fn. 2, supra. See also Hutton v. American General Life & Accident Ins. Co*., 909 So.2d 87, (Ct. Apps. Miss. 2005) (insured has duty to read an insurance contract, and knowledge of the contract's terms will be imputed to the party even if not read). Thus, it is clear that there can be no claim against SouthGroup related to the uninsured/underinsured motorist coverage contained in the policy issued by Travelers to Interpine, LLC and Stewart Gammill, III.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a short and plain statement of the claim showing that the pleader is entitled to relief" is all that is required. The statements and allegations against SouthGroup do not pass muster under Rule 8. Where the Court must take the factual allegations as true, no individual claim against SouthGroup can survive judicial scrutiny when, as here, SouthGroup is an independent insurance broker with whom the Plaintiff Stewart Gammill, III and non-party Interpine, LLC contracted at arm's length for the insurance coverage that they applied for and purchased subject to the policy's terms, conditions, definition and exclusions. Under well-established Mississippi law, because SouthGroup was not a party to the insurance contract between Interpine, LLC, Stewart Gammill, III and Travelers,  it cannot be liable

under the contract for the payment of benefits or any alleged breach of contract relating to what was or wasn't paid pursuant to the contract. *See Jabour v. Life Ins. Co. of North America,* 362 F. Supp. 2d 736 (S.D. Miss. 2005). Furthermore as is articulated in more detail above, it is clear that Plaintiffs' vague and conclusory statements cannot give rise to a claim for failure to procure against Defendant SouthGroup under Mississippi law.

>    **F.    ANY    CLAIMS    AGAINST    DEFENDANT    SOUTHGROUP ALLEGING THAT IT OWED A DUTY TO RECOMMEND OR ADVISE DIFFERENT OR ADDITIONAL UM/UIM COVERAGES MUST FAIL AS A MATTER OF LAW.**

While not specifically plead, Plaintiffs attempt to allude to the fact that Defendant SouthGroup may have owed some duty to Interpine, LLC and/or Stewart Gammill, III to recommend or suggest additional coverage for uninsured/underinsured motorist coverages. This is specifically contrary to Mississippi law and Plaintiffs' Complaint should not be read to include such claims, or if it is, such claims should be dismissed as a matter of law. Mississippi law does not impose a duty upon agents/brokers to suggest, recommend or explain coverages provided by insurance policies, or exclusionary language contained therein. "Mississippi law imposes no duty on the agent of an insurer to recommend particular coverages or to analyze the insurance needs of a prospective customer…"*Buente v. Allstate Insurance Company*, 422 F.Supp.2d 690,  695 (S.D. Miss. 2006). Further, an agent/broker has no duty to advise an insured what coverage is necessary for the protection of their property. *Id. at* 697.  Rather, the only obligation of an insurance agent/broker related to the duties to explain coverages relates only to the extent required by the Mississippi Motor Vehicle Safety Responsibility Law, *Miss. Code Ann. §83-11-101(1), as amended. See Owens v. Mississippi Farm Bureau,* 910 So.2d 1065 (Miss. 2005). In *Owens,* the court specifically rejected and overruled implications *Aetna*

*v. Berry,* that an insurance agent has "the absolute, court-created duty to explain an insured's right to purchase additional UM coverage, over and above the amount of the coverage required by statute." *Id., at* 1074 (discussing *Aetna Casualty & Surety Co., v. Berry,* 669 So.2d 56 (Miss. 1996)). The *Owens* court went on to conclude that the *only* duty of an agent related to UM coverage was to explain the statutory requirements prior to obtaining a waiver, and to explain the insured's right to increase the coverage over and above the statutory minimum. *Id.*  The court determined that there was no obligation of an agent to obtain a waiver for any UM limit that may be available over and above the statutory minimum.

Here, the policy which is at the heart of Plaintiffs' Complaint contains a Uninsured/Underinsured Motorist endorsement, which provides coverage, pursuant to the terms and conditions contained therein, up to its limit of One Million Dollars ($1,000,000.00). *See Complaint, Exhibit "A"; policy, Exhibit "B".* That Plaintiffs, or any of them, are now unsatisfied with the terms and conditions of the policy which may or may not provide coverage for their Ward, Lucius Olen Crosby Gammill, does not give rise to any duty by SouthGroup to suggest or recommend any different or additional coverage. Thus, any such claims should fail under Mississippi law.

### G.    TO THE EXTENT PLAINTIFFS ATTEMPT TO MAKE CLAIMS AGAINST SOUTHGROUP VIS-À-VIS ITS RELATIONSHIP TO TRAVELERS, SUCH CLAIMS SHOULD FAIL AS THE COMPLAINT IS DEVOID OF ALLEGATIONS OF GROSS NEGLIGENCE OR MALICE BY SOUTHGROUP

At best, Plaintiffs have only alleged that SouthGroup provided negligent advice, and failed to allege that it was guilty of any actions giving rise to a finding of gross negligence. "Mississippi does not recognize a case of action against an agent for simple negligence. *Brumfield v. Pioneer Credit Company* 291 F. Supp.2d 462, 470 (S.D.Miss.

2003). The United States District Court for the Southern District of Mississippi stated that "agents *may* incur individual liability when their conduct constitutes 'gross negligence, malice, or reckless disregard for the rights of the plaintiff.'" *Id. citing Phillips v. New England Mutual Life Ins. Co.,* 36 F.Supp.2d 345, 348 (S.D.Miss.1998); *see also, Alliston v. Omega Insurance Company*, 983 F.Supp. 675 (S.D.Miss. 1997)("The Court recognized that under Mississippi law, insurance agents and adjusters, while not liable for ordinary negligence in performing their duties on behalf of the insurers, can 'incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured.")(*citing Bass v. California Life Ins. Co.,* 581 So.2d. 1087, 1090 (Miss. 1991); *Berry v. Hardwick,* 2004 WL 3092769, 3 (N.D. Miss. November 22, 2004) *citing Gray v. Beverly Enter-Miss. Inc.,* 2004 WL 2526544 (5th Cir. November 4, 2004).   To the extent Plaintiffs have failed to allege that SouthGroup acted with gross negligence, malice or reckless disregard for their rights or those of their Ward, Plaintiffs have wholly failed to allege any set of facts upon which such an allegation could be predicated. The Plaintiffs' conclusory statements  that SouthGroup may have failed to procure uninsured/underinsured motorist coverage for Lucius Olen Crosby Gammill, generally, has no basis in law, as no such duty exists. Furthermore, Plaintiffs have not claimed that SouthGroup's alleged breaching of the fictitious duty amounted to anything more than simple negligence. In fact, Plaintiffs' own Complaint only alleges negligence on the part of SouthGroup. Thus, there can be no claim upon which relief may be granted.

## IV. CONCLUSION

As demonstrated herein, Plaintiffs assert no independent, legally cognizable

grounds for a claim against SouthGroup and the Complaint does not give rise to any claim against SouthGroup where relief may be granted to Plaintiffs under Mississippi law. As a result, Plaintiffs' Complaint against SouthGroup should be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, this Defendant respectfully moves this Court to dismiss this action for the reasons set forth herein.

**RESPECTFULLY SUBMITTED**, this 20<u>th</u> day of January 2010.

> **WEBB, SANDERS & WILLIAMS, P.L.L.C.**
> **363 NORTH BROADWAY**
> **POST OFFICE BOX 496**
> **TUPELO, MISSISSIPPI 38802**
> **(662) 844-2137**
> **DAN W. WEBB, MSB # 7051**
> **ROECHELLE R. MORGAN, MSB #100621**
>
>
> **BY:** *_/s/Roechelle R. Morgan_____*
> **ROECHELLE R. MORGAN**

## CERTIFICATE OF SERVICE

This is to certify that the undersigned attorney for Webb, Sanders & Williams, PLLC ahs this day served a copy of the above and foregoing ***Motion to Dismiss and Memorandum Brief in Support*** upon counsel of record and other interested persons noted below by depositing same in the United States, Mail, postage pre-paid and addresses as follows:

      S. Robert Hammond, Jr. (MSB #3004)
      Attorney at Law
      711 Hardy Street
      P.O. Box 471
      Hattiesburg, MS 39403-0471

THIS, the 20th day of January 2010.


                                ***/s/Roechelle R. Morgan***
                                ROECHELLE R. MORGAN